UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

HAESEUNG JOUNG,

                      Plaintiff,

      -against-

MANSI A. PATEL, SWATI PATEL and AMIT PATEL,

                      Defendants.
-------------------------------------------------------------X

**AMENDED VERIFIED COMPLAINT CIVIL ACTION**

No. 18-CV-3451

    Plaintiff, HAESEUNG JOUNG by his attorneys, LAW OFFICE OF GARY S. PARK, P.C., complaining of the Defendants, respectfully alleges, upon information and belief that:

1.     At all times herein mentioned, Plaintiff HAESEUNG JOUNG was, and still is, a resident of the County of Queens, City and State of New York.

2.     At all times herein mentioned, Defendant MANSI A. PATEL was, and still is, a resident of the County of Morris, State of New Jersey.

3.     At all times herein mentioned, Defendant SWATI PATEL previously incorrectly sued as MANSI SWATI was, and still is, a resident of the County of Morris, State of New Jersey.

4.     At all times mentioned, Defendant AMIT PATEL was and still is a resident of the County of Morris, State of New Jersey.

5.     At all times herein mentioned, Defendant MANSI A. PATEL was the owner of an Acura MDX motor vehicle bearing New Jersey State registration number STH95J.

2922 GP/ml

6. At all times herein mentioned, Defendant SWATI PATEL was the owner of an Acura MDX motor vehicle bearing New Jersey State registration number STH95J.

7. At all times herein mentioned, Defendant AMIT PATEL was the owner of an Acura MDX motor vehicle bearing New Jersey State registration number STH95J.

8. At all times herein mentioned, Defendant MANSI A. PATEL managed the aforesaid motor vehicle.

9. At all times herein mentioned, Defendant SWATI PATEL managed the aforementioned motor vehicle.

10. At all times herein mentioned, Defendant AMIT PATEL managed the aforementioned motor vehicle.

11. At all times herein mentioned, Defendant MANSI A. PATEL maintained the aforementioned motor vehicle.

12. At all times herein mentioned, Defendant SWATI PATEL maintained the aforementioned motor vehicle.

13. At all times herein mentioned, Defendant AMIT PATEL maintained the aforementioned motor vehicle.

14. At all times herein mentioned, Defendant MANSI A. PATEL controlled the aforementioned motor vehicle.

15. At all times herein mentioned, Defendant SWATI PATEL controlled the aforementioned motor vehicle.

2922 GP/ml

16. At all times herein mentioned, Defendant AMIT PATEL controlled the aforementioned motor vehicle.

17. At all times herein mentioned, Defendant MANSI A. PATEL operated the aforementioned motor vehicle.

18. At all times herein mentioned, Defendant MANSI A. PATEL operated the aforementioned motor vehicle with the knowledge of Defendant SWATI PATEL.

19. At all times herein mentioned, Defendant MANSI A. PATEL operated the aforementioned motor vehicle with the knowledge of Defendant AMIT PATEL.

20. At all times herein mentioned, Defendant MANSI A. PATEL operated the aforementioned motor vehicle with the permission of the Defendant SWATI PATEL.

21. At all times herein mentioned, Defendant MANSI A. PATEL operated the aforementioned motor vehicle with the permission of the Defendant AMIT PATEL.

22. At all times herein mentioned, Defendant MANSI A. PATEL operated the aforementioned motor vehicle with the consent of the Defendant AMIT PATEL.

23. At all times herein mentioned, Defendant MANSI A. PATEL operated the aforementioned motor vehicle with the consent of the Defendant SWATI PATEL.

24. On or about March 8, 2017, Defendant MANSI A. PATEL was operating the vehicle owned by Defendant SWATI PATEL.

25. On or about March 8, 2017, Defendant MANSI A. PATEL was operating the vehicle owned by Defendant AMIT PATEL.

26. On or about March 8, 2017, Defendant MANSI A. PATEL was operating the aforesaid Acura motor vehicle.

27. On or about March 8, 2017, Plaintiff HAESEUNG JOUNG was operating a 2013 Nissan motor vehicle bearing New Jersey State Plate number W57GWU.

28. On or about March 8, 2017, the motor vehicle owned by Defendant SWATI PATEL and operated by Defendant MANSI A. PATEL and the motor vehicle operated by Plaintiff HAESEUNG JOUNG were in contact.

29. On or about March 8, 2017, the motor vehicle owned by Defendant AMIT PATEL and operated by Defendant MANSI A. PATEL and the motor vehicle operated by Plaintiff HAESEUNG JOUNG were in contact.

30. On or about March 8, 2017, the motor vehicle owned and operated by Defendant MANSI A. PATEL and the motor vehicle operated by Plaintiff HAESEUNG JOUNG were in contact.

31. On or about March 8, 2017 and at all times herein mentioned, the occurrence mentioned herein took place at or near the Northern Boulevard, approximately 15 feet East of 221 Street, in the County of Queens, City and State of New York.

32. The aforesaid occurrence was caused wholly and solely by reason of the negligence of the Defendants without any fault or negligence on the part of the Plaintiff contributing thereto.

33. Defendants were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicle and the

2922 GP/ml

Defendants were otherwise negligent, careless and reckless under the circumstances then and there prevailing.

34. As a result of the aforesaid contact, Plaintiff HAESEUNG JOUNG was injured.

35. By reason of the foregoing, Plaintiff HAESEUNG JOUNG sustained severe and permanent personal injuries.

36. Plaintiff HAESEUNG JOUNG was otherwise damaged.

37. Plaintiff HAESEUNG JOUNG sustained serious injuries as defined by 5102(d) of the Insurance Law of the State of New York.

38. Plaintiff HAESEUNG JOUNG sustained serious injuries and economic loss greater than basic economic loss as defined by 5104 of the Insurance Law of the State of New York.

39. This action falls within one or more of the exceptions set forth in C.P.L.R. 1602.

40. By reason of the foregoing, Plaintiff HAESEUNG JOUNG has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, Plaintiff demands judgment against the Defendants herein, in a sum exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: Queens, New York
April 29, 2019

_____
Yosef Lee, Esq

2922 GP/ml

## PLAINTIFF'S VERIFICATION

STATE OF NEW YORK

                        ss:

COUNTY OF QUEENS

    **HAESEUNG JOUNG**, being duly sworn, says:

I am the Plaintiff in the action herein: I have read the annexed **AMENDED VERIFIED COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my personal files.

DATED:    Queens, New York
                April 30, 2019

                                                      [signature]
                                                     **HAESEUNG JOUNG**

Sworn to before me this 30 day of April, 2019

[signature]
Notary Public

[Notary Seal: HYUN CHUL PARK, NOTARY PUBLIC, NO. 01PA6324711, QUALIFIED IN QUEENS COUNTY, COMM. EXP. 05/11/2019, STATE OF NEW YORK]

UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF NEW YORK                     No. 18-CV-3451
HAESEUNG JOUNG,

                            Plaintiff,

                    -against-

MANSI A. PATEL, SWATI PATEL and AMIT
PATEL,

                            Defendants.

# AMENDED VERIFIED COMPLAINT

## LAW OFFICES OF GARY S. PARK, P.C.
Attorneys for Plaintiff
HAESEUNG JOUNG
Office & P.O. Address
39-01 Main Street — Suite 608
Flushing, New York 11354
(718) 445-1300

TO:

Service of a copy of the within                          is hereby admitted.

Dated:                        _____
                              Attorneys for

**CERTIFICATION**

I hereby certify that, to the best of my knowledge, information and belief, the presentation of **AMENDED VERIFIED COMPLAINT** and the contentions therein are not frivolous as defined in Subsection (c) of Section 130-1.1 of the Rules of the Chief Administrator (22NYCRR).

Dated:   Queens, New York
         April 29, 2019

                                                    Yosef Lee, Esq
                                                    Attorneys for Plaintiff
                                                    As Designated Above

2922 GP/ml